UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOANNE TOWNES,                              )
                                            )
                     Plaintiff,             )        **COMPLAINT**
                                            )
     -against-                              )        **JURY TRIAL DEMANDED**
                                            )
THE CITY OF NEW YORK; NYPD SERGEANT )
WILLIAM MILLER, Shield No. 3280; NYPD )
DETECTIVE ANDY URENA, Shield No. 07427; )
NYPD SERGEANT JOSEPH BURKHARD, Shield )
No. 01130; JOHN DOE UNDERCOVER              )
OFFICER; JOHN DOES; and RICHARD ROES, )
                                            )
                                            )
                     Defendants.            )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff JOANNE TOWNES seeks relief

for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, by the United States Constitution, including its Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on October 26, 2015, within 90 days of the incident at issue herein.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

2

## PARTIES

7.      Plaintiff was at all times relevant herein a resident of the State of New York. Plaintiff is African-American.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants NYPD SERGEANT WILLIAM MILLER, Shield No. 3280; NYPD DETECTIVE ANDY URENA, Shield No. 07427; NYPD SERGEANT JOSEPH BURKHARD, Shield No. 01130; JOHN DOE UNDERCOVER OFFICER and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants NYPD SERGEANT WILLIAM MILLER, Shield No. 3280; NYPD DETECTIVE

3

ANDY URENA, Shield No. 07427; NYPD SERGEANT JOSEPH BURKHARD, Shield No.

01130; JOHN DOE UNDERCOVER OFFICER and JOHN DOES are sued individually.

10.     Defendants NYPD SERGEANT WILLIAM MILLER, Shield No. 3280; NYPD

DETECTIVE ANDY URENA, Shield No. 07427; NYPD SERGEANT JOSEPH BURKHARD,

Shield No. 01130; JOHN DOE UNDERCOVER OFFICER and RICHARD ROES are and were

at all times relevant herein duly appointed and acting supervisory officers, servants, employees

and agents of THE CITY OF NEW YORK and/or the New York City Police Department,

responsible for the training, retention, supervision, discipline and control of subordinate members

of the police department under their command.  Defendants are and were at all times relevant

herein acting under color of state law in the course and scope of their duties and functions as

supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK,

were acting for, and on behalf of, and with the power and authority vested in them by THE CITY

OF NEW YORK and the New York City Police Department, and were otherwise performing and

engaging in conduct incidental to the performance of their lawful functions in the course of their

duties.  Defendants NYPD SERGEANT WILLIAM MILLER, Shield No. 3280; NYPD

DETECTIVE ANDY URENA, Shield No. 07427; NYPD SERGEANT JOSEPH BURKHARD,

Shield No. 01130; JOHN DOE UNDERCOVER OFFICER and RICHARD ROES are sued

individually.

## STATEMENT OF FACTS

11.     At approximately 4 p.m. on August 5, 2015 Plaintiff was in her car, in the driver's seat, on Nelson Avenue between 165th and 166th Streets, Bronx, NY.

12.     Plaintiff's acquaintance was in the car with her, in the passenger seat.

13.     Plaintiff had not done anything remotely illegal, and there was no reason for any member of the NYPD to think that Plaintiff had done anything remotely illegal.

14.     Two plainclothes JOHN DOES members of the NYPD - on information and belief two of Defendants MILLER, URENA, and BURKHARD – approached Plaintiff's car with their weapons drawn, and told Plaintiff to put her hands up.

15.     Plaintiff put her hands up.

16.     These two JOHN DOES members of the NYPD told Plaintiff to get out of the car, and Plaintiff got out of the car.

17.     Plaintiff informed these two JOHN DOES members of the NYPD that she is a New York State Corrections Officer.

18.     These two JOHN DOES members of the NYPD handcuffed Plaintiff behind her back.

19.     The handcuffs were applied with a painful and punitive tightness.

20.     These two JOHN DOES members of the NYPD also handcuffed Plaintiff's acquaintance who had been in the car with her.

21.     These two JOHN DOES members of the NYPD searched Plaintiff's car - including inside of the internal compartments and under the seats - without cause or justification.

22.     These two JOHN DOES members of the NYPD asked Plaintiff to provide

identification, and Plaintiff did so.

23.     Plaintiff gave these two JOHN DOES members of the NYPD her wallet that had her badge and her corrections officer identification, and her driver's license.

24.     Approximately five or six other JOHN DOES officers (one of whom was female), these in uniform, arrived as well.

25.     The female JOHN DOE Officer patted Plaintiff down.

26.     Prior to being removed from the scene the two plainclothes JOHN DOES told Plaintiff, in sum and substance, that they did not have anything on Plaintiff (i.e., that they had no evidence that Plaintiff had committed any crime), and that they were just going to take Plaintiff to a police precinct and let Plaintiff go from there.

27.     On information and belief, a Sergeant – on information and belief Defendant BURCKHARD - was present at the scene as well.

28.     When the two plainclothes JOHN DOES told the Sergeant that Plaintiff was a Corrections Officer and that they had not found anything illegal in her car, the Sergeant responded, in sum and substance, that Plaintiff had to be arrested as well.

29.     Plaintiff was placed in a police van.

30.     Plaintiff was held in the police van at the location for approximately a half an hour.

31.     There was not any air conditioning in operation in the van, and it was extremely hot.

32.     In addition to Plaintiff and her acquaintance who had been in Plaintiff's car with her, two other individuals were also arrested at or around the same location, and were also loaded into the van with Plaintiff.

6

33.    Plaintiff was then driven around in the van for approximately two hours.

34.    Plaintiff complained that the handcuffs were causing her pain, and that she had to go to the bathroom, and that she was having difficulty breathing, but her complaints were ignored by the two plainclothes JOHN DOES who had arrested her, who were transporting her in the van.

35.    Plaintiff was brought to the NYPD 44th Precinct.

36.    At the precinct Plaintiff was placed into a cell, and was handcuffed to a bench inside of the cell.

37.    Plaintiff was held at the precinct for a couple of hours.

38.    Plaintiff was then brought to Bronx Central Booking.

39.    Plaintiff was held at Bronx Central Booking until she was arraigned the following evening, August 6, 2015.

40.    Defendant URENA is the deponent on the Criminal Court Complaint (a redacted copy of which is annexed hereto as **Exhibit 1**) that was lodged against Plaintiff and three co-defendants (Plaintiff's acquaintance who had been in her car with her and, on information and belief, the two other people arrested at or near the same location as Plaintiff), and that falsely charged her with Criminal Sale of a Controlled Substance in the Third Degree (a Felony), Criminal Possession of a Controlled Substance in the Third Degree (a Felony), and Criminal Possession of a Controlled Substance in the Seventh Degree (a Misdemeanor).

41.    The Criminal Court Complaint falsely alleged that Defendant URENA is informed by JOHN DOE UNDERCOVER OFFICER that Plaintiff and her co-defendants were acting in concert, and that sets forth certain drug-related interactions that JOHN DOE UNDERCOVER OFFICER allegedly had with two of the co-defendants.  JOHN DOE UNDERCOVER OFFICER

7

then alleges that one of the co-defendants then approached Plaintiff and her acquaintance in the

car they were in, and that Plaintiff's acquaintance then exited the car and went into another car

with the co-defendant, and that Plaintiff remained in the first car and was continuously looking

back and forth, up and down the block.  Thereafter one of the co-defendants allegedly handed

JOHN DOE UNDERCOVER OFFICER zip lock bags containing cocaine.  JOHN DOE

UNDERCOVER OFFICER also alleged that Plaintiff and her acquaintance who had been in her

car with her were sitting in the car and counting money.

42.     These allegations, as they relate to Plaintiff, are lies.

43.     The co-Defendant who is alleged to have come over to Plaintiff's car never came

over to Plaintiff's car.

44.     Plaintiff never was looking around in anything but a normal and innocuous manner.

45.     Plaintiff was never counting money with her acquaintance who had been in her car

with her.

46.     Plaintiff had to return to court two or three times to defend against the false

charges that had been lodged against her.

47.     All charges against Plaintiff were dismissed in their entirety on September 18,

2015.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

48.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

8

49.     By their conduct and actions in seizing and searching plaintiff and her vehicle, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, inflicting emotional distress upon plaintiff, violating rights to due process of plaintiff, fabricating evidence / false statements against plaintiff, unreasonably prolonging plaintiff's detention and subjecting plaintiff to unreasonable conditions of confinement, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants, NYPD SERGEANT WILLIAM MILLER, NYPD DETECTIVE ANDY URENA, NYPD SERGEANT JOSEPH BURKHARD, JOHN DOE UNDERCOVER OFFICER, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

50.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

51.     The plaintiff incorporates by reference the allegations set forth in all previous

9

Paragraphs as if fully set forth herein.

52.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants NYPD SERGEANT WILLIAM MILLER, NYPD DETECTIVE ANDY URENA, NYPD SERGEANT JOSEPH BURKHARD, JOHN DOE UNDERCOVER OFFICER, and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

53.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

54.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

55.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

56.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline

employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

57.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

58.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, and arrests, which are implemented disproportionately upon people of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

59.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of unreasonably and excessively prolonging the transport of arrestees in their custody. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

60.     As a result of the foregoing, plaintiff was deprived of her liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

61.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62.    The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

63.    As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

64.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65.    By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct

and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## ASSAULT AND BATTERY

67.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68.     By the actions described above, defendants did inflict assault and battery upon Plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## ABUSE OF PROCESS

70.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The

13

purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## MALICIOUS PROSECUTION

73.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## TRESPASS

14

76.     The plaintiff incorporates by reference the allegations set forth in all previous
Paragraphs as if fully set forth herein.

77.     The defendants willfully, wrongfully and unlawfully trespassed upon the person of
plaintiff.

78.     As a result of the foregoing, plaintiff was deprived of her liberty and property,
experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise
damaged and injured.

## TENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79.     The plaintiff incorporates by reference the allegations set forth in all previous
Paragraphs as if fully set forth herein.

80.     By the actions described above, defendants engaged in extreme and outrageous
conduct, conduct utterly intolerable in a civilized community, which intentionally and/or
negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were
the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and
common law rights as guaranteed by the laws and Constitution of the State of New York.

81.     As a result of the foregoing, plaintiff was deprived of her liberty and property,
experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise
damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENCE

82.     The plaintiff incorporates by reference the allegations set forth in all previous

15

Paragraphs as if fully set forth herein.

83.     The defendants, jointly and severally, negligently caused injuries, emotional

distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated her statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

84.     As a result of the foregoing, plaintiff was deprived of her liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## TWELFTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

85.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

86.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained,

supervised and trained defendants.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of New York.

87.     As a result of the foregoing, plaintiff was deprived of her liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## THIRTEENTH CLAIM

### CONSTITUTIONAL TORT

88.     Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

89.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

90.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

91.     As a result of the foregoing, plaintiff was deprived of her liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empaneling of a jury to consider the merits of the claims herein;

      d. Costs and interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            November 2, 2016

                    _____/S/_____
                    JEFFREY A. ROTHMAN, Esq.
                    315 Broadway, Suite 200
                    New York, New York 10007
                    (212) 227-2980

                    Attorney for Plaintiff

18

Defense copy

Fax:                    Apr 16 2005 05:42am  P001/002



CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

                    v.                          STATE OF NEW YORK

1.                                              COUNTY OF THE BRONX

2.



3.

2015BX036693

4.   JOANNE TOWNES P/48
     a.k.a. JOANNA
     Arrest# B15646675

                    Defendants

     DET ANDY URENA of NARCBBX,  Shield# 007427.  states that on or about August
5. 2015 at approximately 4:15 PM at Opposite of West 166th Street, County of the
Bronx. State of New York,

     THE DEFENDANTS, ACTING IN CONCERT, COMMITTED THE OFFENSES OF:
1 (F) P.L. 220.39(1)            Criminal Sale of a Controlled Substance 3^
                                DQO
2 (F) P.L. 220.16(1)            Criminal Possession of a Controlled
                                Substance 3^ DQO
3 (M) P.L. 220.03               Criminal possession of a controlled
                                substance in the seventh degree DQC

IN THAT THE DEFENDANTS, ACTING IN CONCERT, DID: knowingly and unlawfully sell a
narcotic drug; knowingly and unlawfully possess a narcotic drug  with intent to
sell it and knowingly and unlawfully possesses a controlled substance.

     THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

     Deponent is informed by Under Cover Police Officer, that at the above time
and place. defendants were acting in concert in that informant and defendant
[           ] engaged in a brief drug related conversation after which, defendant [     ]
introduced informant to defendant [          ] Deponent is further informed by
informant that defendant [     ] asked informant in sum and substance: HOW MANY?

     Deponent is further informed by informant that defendant [     ] then made
a telephone call, and subsequent to the aforementioned telephone call, informant



002373183

                              Page 1 of 2

                            Exhibit 1

Fax:                    Apr 16 2005 05:42am  P002/002

handed defendant ▮▮▮▮▮ eighty-dollars ($80)United States Currency, pre-
recorded buy money.

    Deponent is further informed by informant that informant then observed
defendant ▮▮▮▮▮ approach defendants ▮▮▮▮▮ and Townes who were in a parked
Toyota bearing New York State license plate number of ▮▮▮▮▮ Deponent is
further informed by informant, that informant further observed defendant ▮▮▮▮▮
exit the aforementioned parked Toyota and along with defendant ▮▮▮▮▮ enter a
another parked vehicle, a tan Mitsubishi bearing a New York State License plate
number of ▮▮▮▮▮

    Deponent is further informed by informant that informant then observed
defendant Townes remain inside of the aforementioned Toyota and to be
continuously looking back and forth, up and down the block. ▮▮▮▮▮

    Deponent is further informed by informant that defendant ▮▮▮▮▮ then
handed informant four (4) zip lock bags each containing a white powdery
substance.

    Deponent states, that he is informed by Under Cover Police Officer, and that
based upon informant's training and experience, which includes training in the
recognition of controlled substance, and its packaging, the aforementioned
substance is alleged and believed to be COCAINE.

    Deponent is further informed by informant that informant thereafter
observed defendant ▮▮▮▮▮ and defendant Townes seated in said Toyota counting
United States Currency.

                    FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
                    AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

        8/6/15   1527 HRS              Det. _____
        DATE and TIME                  SIGNATURE

Fax:   Apr 15 2005 03:26pm  P003/005
Aug  5 2015 05:39pm   Received: